Filed 7/21/26  In re J.T. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re J.T., et al., Persons Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>J.T.,<br><br>    Defendant and Appellant. | F090945<br><br>(Super. Ct. No. JD146862-00, JD146866-00, JD146867-00, JD146868-00, JD146869-00)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Christie Canales Norris, Judge.

Brian C. Bitker, under appointment by the Court of Appeal, for Defendant and Appellant.

---

[*] Before Hill, P. J., Franson, J. and Harrell, J.

Kendra L. Graham, Interim County Counsel, and Judith M. Denny, Deputy County Counsel for Plaintiff and Respondent.

-ooOoo-

The parties to this juvenile dependency appeal seek a stipulated reversal of the juvenile court's order issued at a six-month review hearing (Welf. & Inst. Code, § 366.21, subd. (e)),[1] which denied A.F. (mother) and J.T.'s (father) request to have their four children returned to their care and placed on a family maintenance plan. In a prior opinion, we reversed the disposition order—which removed the four children from their parents' care and ordered family reunification services—and remanded the matter for a new disposition hearing. (*In re D.F.* (Apr. 23, 2026, F090020) [nonpub. opn.] 2026 WL 1124273 (*D.F.*).) We issued that decision while the present appeal was pending. The parties agree that the challenged order should be reversed and that the remittitur should issue immediately in light of our prior opinion, and we accept the stipulation. We accordingly reverse the order, remand for a new disposition hearing, and order an immediate issuance of the remittitur.

## BACKGROUND

In this juvenile dependency case, mother and father were found to have failed to protect their children from repeated sexual abuse committed by their adult son, R.F., over many years. The family consisted of two adult children—R.F. and A.T.—and five minor children: D.F., J.T., C.T., Mu.T., and Mo.T. Father was the father of all the minor children except D.F.

It was adult daughter A.T. who first reported the abuse, stating that R.F. had sexually abused her about 50 times between the ages of 5 and 14. Minor child D.F. reported similar abuse beginning at about age 6, and A.T. also reported witnessing R.F. abuse both D.F. and J.T. Both parents had witnessed the abuse on multiple occasions but

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

took no effective action to stop it—father physically punished R.F. at least twice, which proved ineffective, and when mother was told about the abuse she responded dismissively. When police executed a search warrant, the home was also found to be in an unsafe, unsanitary condition, with hazardous materials within reach of the youngest children. All five minor children were taken into protective custody and the Department filed dependency petitions.

Despite the parents' subsequent cooperation with the Department—they enrolled in parenting and failure-to-protect classes, cleaned their home, asked R.F. to move out, and maintained consistent supervised visitation—they continued to deny the abuse and could not articulate any meaningful plan for how they would protect their children going forward. The Department recommended removal, and on June 16, 2025, the juvenile court ordered all five children removed and family reunification services provided.

Parents appealed, challenging both the jurisdiction findings and the removal order as to four of the five minor children, but notably did not challenge the findings as to D.F. (*D.F., supra,* 2026 WL 1124273, at pp. *7, *9.) In an opinion filed April 23, 2026, we upheld jurisdiction as to the remaining four children. (*Id.* at p. *7.) In doing so, we rejected father's argument that the risks had been remedied by R.F.'s departure from the home and the improved conditions, finding that the parents' persistent denial and demonstrated inability to protect the children still posed a real and ongoing risk. (*Id.* at pp. *8–9.) However, we reversed the disposition order and remanded for a new hearing, finding that the juvenile court had failed to comply with the statutory requirement under section 361, subdivision (e), to state specific facts justifying removal—particularly why less restrictive alternatives would have been insufficient. (*Id.* at p. *9.) We identified several such alternatives that the juvenile court had not meaningfully considered, including a restraining order against R.F., continued unannounced home visits, ongoing interviews with the children, and directions to family members to report any contact with R.F. (*Id.* at p. *10.) Because there was a reasonable probability the court would have

reached a different result had it properly conducted that analysis, the removal order was reversed and the matter sent back for a new disposition hearing. (*Id.* at pp. *10–11.)

### *Present appellate proceeding*

While the prior appeal was pending, mother and father filed section 388 petitions in September 2025, requesting that the juvenile court order the children returned to them under a family maintenance plan. The petitions were heard the day of the section 366.21, subdivision (e), hearing, December 16, 2025. Parents presented offers of proof that they had not been in contact with R.F. The attorneys for all five children requested the juvenile court deny the section 388 petitions, arguing the issue was not R.F., but father's refusal to acknowledge what happened to D.F.

The court denied the section 388 petitions because the parents still had not acknowledged the abuse D.F. suffered. The court also did not believe the parents' testimony that they did not know R.F.'s whereabouts. The court ultimately found that circumstances had not changed and that it was not in the children's best interest to return to their parents' care.

As to the section 366.21, subdivision (e), hearing, the court found a substantial risk of detriment to the children's safety, protection, or physical or emotion well-being if they were placed in their parents' care due to the parents' denial of the abuse. On December 16, 2025, the court ordered that the children remain in out of home placement and that reunification services continue.

Father appealed from the findings and orders made in connection with the section 366.21, subdivision (e), hearing. Father submitted his opening brief in his appeal on April 6, 2026, which was before we issued our opinion in the prior appeal, arguing that the court erred in failing to return J.T., C.T., Mu.T., and Mo.T. to his care at the section 366.21, subdivision (e), hearing.

On June 4, 2026, father's counsel and the Department's counsel filed a joint application and stipulation for reversal of the findings and orders made at the

4.

section 366.21, subdivision (e), hearing held on December 16, 2025, in light of our reversal of the disposition orders in the prior appeal. They also stipulate to a remand of the matter to the trial court to conduct a new disposition hearing as set forth in our prior opinion, and they stipulate that the remittitur issue immediately.

On June 11, 2026, we entered an order staying briefing in this matter.

## DISCUSSION

A stipulated reversal under Code of Civil Procedure section 128, subdivision (a)(8), is permissible in a dependency case when the stipulated reversal will not adversely affect the rights of any nonparty or the public, the reasons for requesting reversal outweigh the erosion of public trust that may result from nullification of a judgment, and " 'the risk that availability of stipulated reversal will reduce the incentive for pretrial settlement.' " (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382.)

None of these factors preclude us from accepting the parties' stipulated reversal. First, the stipulated reversal only affects the rights of the parties, not the rights of any nonparty of the public. Second, the parties' reason for requesting reversal, namely, to expedite the new disposition hearing which this court ordered in its prior opinion, furthers the interests of justice and outweighs any conceivable erosion in public trust. As we held in our prior opinion, the juvenile court committed reversible error in making its disposition order. And third, settlement is not an issue here.

## DISPOSITION

The juvenile court's December 16, 2025, orders entered at the section 366.21, subdivision (e), hearing are reversed as to father, and the matter is remanded to the juvenile court to hold a new disposition hearing. The Clerk/Executive Officer is directed to issue a remittitur immediately. (Cal. Rules of Court, rule 8.272(c)(1).)

5.